825 F.2d 411
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry JARRELL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 86-1880
 United States Court of Appeals, Sixth Circuit.
 July 28, 1987.
 
 Before KENNEDY, JONES and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Claimant Jarrell appeals the denial of social security benefits. We affirm.
 
 
 2
 Jarrell first injured his back in 1980, when he was 25 years of age. He has not worked since. His prior work was as a laborer, doing various light-to-heavy tasks. He has a high school education. In 1981, he took a six-month course in drafting and interviewed for a number of drafting jobs, but received no offers.
 
 
 3
 Until 1984, Jarrell continued to complain of back pain and to receive treatment for what was consistently diagnosed as back strain. On October 8, 1984, Jarrell was taken to a hospital by ambulance when, as he explained it, he sneezed and immediately experienced immobilizing back pain. Most objective tests were normal, but a CAT scan revealed a bulging disc. Jarrell's treating physician relied upon the CAT scan to diagnose a ruptured disc. A procedure called chemonucleolysis was performed, which involved inserting a needle into the disc so as to shrink it and reduce pressure on the nerve. After initially claiming to experience relief, Jarrell's progress appeared to level off, and he continued to complain of back pain radiating down into his legs. This seemed to baffle the treating physician, who finally, in the summer of 1985, ordered an EMG, which, like the three performed before chemonucleolysis, was negative. At this point, the doctor reported that surgery would not be a good idea and that Jarrell should look into vocational rehabilitation 'so that he can find some sort of employment within his limitations.'
 
 
 4
 At his hearing before an ALJ, Jarrell complained of disabling pain, and described a life of lying in front of the television being waited on by his mother, with whom he continues to live.
 
 
 5
 Also at the hearing, the ALJ heard testimony of a medical consultant, who opined that: '[T]he Claimant does have a problem. The problem is a chronic pain syndrome . . ..' The consultant claimed that all of the objective medical evidence that could explain this pain was negative. The only seemingly objective finding, the CAT scan, was not dispositive, because the sort of bulge that showed up in that test can exist normally, in the absence of a disc rupture. Thus, in this expert's view, the treating physician was wrong in diagnosing a ruptured disc.
 
 
 6
 We must affirm the Secretary's findings if they are supported by 'substantial evidence,' which 'means more than a mere scintilla of evidence, such evidence as a reasonable mind might accept as adequate to support a conclusion.' Farris v. Secretary of HHS, 773 F.2d 85, 90 (6th Cir. 1985) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). 'Further, this evidence must be based on the record as a whole.' Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985).
 
 
 7
 'The medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference . . .. This is true, however, only if the treating physician's opinion is based on sufficient medical data . . .. Ultimately, of course, the determination of disability is the prerogative of the Secretary, not the treating physician.'
 
 
 8
 Id. (citations omitted).
 
 
 9
 'The regulations set forth a sequential analysis for determining whether a claimant is disabled. The first step is to determine whether the claimant is engaged in significant gainful activity. 20 C.F.R. Sec. 416.920(b). If not, the second step is to determine whether the claimant has a severe impairment, which is 'any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities.' Sec. 416.920(c). If there is a severe impairment, the third step is to determine whether the impairment meets or exceeds the criteria of one of the listed impairments in Appendix 1. Sec. 416.920(d). If the claimant does not satisfy one of the listings, the next inquiry is to determine whether the claimant's impairment prevents him from performing his past relevant work. Sec. 416.920(e). If he does not, the claimant is found not disabled. If the impairment prevents a return to former work, the claimant's residual functional capacity must be determined, id., and it is then considered in conjunction with the claimant's age, work experience and education in order to ascertain whether the impairment or combination of impairments prevents the claimant from doing other work. Sec. 416.920(f); see also Subpart P, Appendix 2, Tables 1-3.'
 
 
 10
 Williamson v. Secretary of HHS, 796 F.2d 146, 149 (6th Cir. 1986).
 
 
 11
 The ALJ's opinion does not conform to this five-step sequential analysis. Although there is discussion of 'residual functional capacity,' the ALJ apparently rested his conclusion that Jarrell is not disabled upon the finding that 'claimant is not prevented from performing his past relevant work.' This would indicate that the analysis was complete after the fourth step. Apparently, the ALJ assumed that Jarrell has a 'severe impairment,' because he continues to complain of 'radiating back pain and dysfunction,' but concluded that Jarrell's claims of pain are not 'persuasive,' because
 
 
 12
 '[T]he preponderance of the evidence does not establish a condition that could be reasonably expected to produce the severity or frequency of the claimant's alleged pain and dysfunction.'
 
 
 13
 Jarrell's case was heard in August 1985, and the Appeals Council declined to review the ALJ's decision in November 1985. The 'no disability' finding is therefore subject to the temporary evidentiary standard set forth in 42 U.S.C. Sec. 423(d)(5)(A) (1987 Supp.), which applies to determinations made by the Secretary between October 9, 1984, and January 1, 1987. In Duncan v. Secretary of HHS, 801 F.2d 847, 853 (6th Cir. 1986), we examined the statutory language and the legislative history of this temporary standard, and concluded that the standard calls for a 'two-pronged' analysis:
 
 
 14
 'First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.'
 
 
 15
 The only objective evidence tending to support Jarrell's claims of severe pain was the CAT scan test which showed an enlarged disc. A ruptured disc is a medical condition 'of such a severity that it can reasonably be expected to produce' disabling pain. The ALJ concluded, in effect, that despite the CAT scan finding, Jarrell had failed to prove that he had a ruptured disc.
 
 
 16
 There was a disagreement between the treating physician and the medical consultant as to whether the objective evidence, in conjunction with the extensive subjective evidence, sufficed to support a diagnosis of a ruptured disc. Ordinarily, deference toward the treating physician would dictate giving greater weight to his diagnosis. In this case, however, the treating physician treated Jarrell for the diagnosed ruptured disc, and his subsequent written comments suggest a growing doubt about the accuracy of that diagnosis and the patient's motivation to recover. These comments, even more than the contrary testimony of the consultant, undermine the evidentiary weight of the treating physician's opinion.
 
 
 17
 On this record, there was substantial evidence to support the ALJ's finding that Jarrell failed to establish the existence of a 'medical impairment . . . which could reasonably be expected to produce the pain or other symptoms alleged.' 42 U.S.C. Sec. 423(d)(5)(A). We therefore AFFIRM the denial of benefits.